21

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

| | | |
|---|---|---|
| OLYMPIA BARRERA, INDIVIDUALLY AND AS THE NATURAL PARENT AND NEXT FRIEND OF JUDY BARRERA, MINOR,<br>    Plaintiffs, | § § § § § § § | |
| MARIA DOE, INDIVIDUALLY AS THE NATURAL PARENT AND NEXT FRIEND OF MELISSA DOE, MINOR,<br>    Intervenors, | § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-97-160 |
| THE LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT AND ABEL MOYA, JR.<br>    Defendants. | § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The parents of two Los Fresnos High School students denominated Judy Barrera and Melizza Doe[1] have, individually and as next friends of their minor daughters, sued Los Fresnos Consolidated Independent School District ("LFCISD") and Abel Moya Jr. ("Moya").

Pending before the court is a Motion for Summary Judgment and Severance (Docket No. 18) filed by LFCISD.

The Plaintiffs have filed a response (Docket No. 19).

---

[1] Maria Doe, Individually as the Natural Parent and Next Friend of Melizza Doe, Minor is, technically, an Intervenor. However, her claims are identical to the Plaintiff's. For purpose of the discussion in this Report and Recommendation both Judy Barrera and Melizza Doe will be referred to as Plaintiffs.

## BACKGROUND FACTS

Moya was a coach at Los Fresnos High School, who preyed on the female students entrusted to his care. The minor Plaintiffs are two of his victims. Following revelation of his activities, he resigned from the school district. (See Affidavit of Eliseo Ruiz attached as Exhibit F to the school district's Motion for Summary Judgment).

## THE MOTION FOR SUMMARY JUDGMENT,
## THE PLAINTIFFS' RESPONSE AND RECOMMENDATION

LFCISD makes three arguments in its Motion:

First: Because no official of the district with authority to institute corrective measures on the districts's behalf had actual knowledge of Moya's activities and was deliberately indifferent to them, there is no liability to Plaintiffs under Title IX. 20 U.S.C. § 1681 *et seq.* The district cites *Gebser et al. v. Lago Vista Independent School District,* ---- US ----; 118 S.Ct. 1989 (1998) in support of this proposition.

Second: There is no liability to Plaintiffs under 42 U.S.C. § 1983, because the district was never consciously indifferent to Plaintiffs' constitutional rights *Canutillo ISD v. Leija*, 101 F.3d 383 (5th Cir. 1996); *Doe v. Taylor* 15 F.3d 443, 454 (5th Cir. 1994) *cert. denied;* 115 S.Ct.70 (1994).

Third: There is no liability under the Texas Tort Claims Act which bars actions for intentional torts.[2]

The Plaintiffs respond to the *Gebser* argument by attempting to show inferentially an official with authority to remedy the situation had actual knowledge of Moya's activities. None of the facts presented by Plaintiffs in their response (Docket No. 19) [Plaintiffs' Response does not comply with

---

[2] Plaintiffs do not seek relief under Texas law.

2

Local Rule 3H because it is not paginated] are sufficient to raise a genuine fact issue under the *Gebser* standard. In fact, those portions of Melizza Doe's deposition testimony cited in support of the proposition that a LFCISD official with authority to remedy the situation had actual knowledge do not come close to supporting that proposition.

In *Gebser*, Justice O'Connor, writing for a five Justice majority pointed out that Title IX, the gender discrimination in education statute, had been interpreted by the Court in *Franklin v. Gwinnett County Public Schools,* 503 U.S. 60, 76 (1992) to provide a private cause of action against a school district for sexual harassment by a teacher of a student. In *Gebser*, the Court established the criterion for such a claim by holding that there can be no recovery of damages under Title IX against a school district for sexual harassment of a student by a teacher "... unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice, of and is deliberately indifferent to the teacher's misconduct." (*Gebser* 118 S.Ct. at 1993).

Accepting all the facts pled by the Plaintiffs as true, they have not shown they are entitled to damages under Title IX.

Plaintiffs' § 1983 claim fares no better. They argue in their response (Docket No. 19) to the district's Motion for Summary Judgment (Docket No. 18) that Moya's activities were the result of a deliberate indifference by the district in failing to train employees in the district's policy. As Plaintiffs point out, LFCISD has a policy on sexual harassment of students (excerpts from this policy are attached as Exhibit I to the Affidavit of Eliseo Ruiz which, in turn is attached to LFCISD Motion for Summary Judgment-Docket No. 18). There can only be § 1983 liability when a policy or custom causes an injury. It is axiomatic that there is no respondeat superior liability against a municipality,

3

*Doe v. Dallas Independent School District*, ---- F.3d ---- (Fifth Cir. No. 97-10343 decided Aug. 27, 1998).

In fact LFCISD had a policy, and it worked. As the Superintendent of Schools, Eliseo Ruiz pointed out in his affidavit, the first notice the district had of Moya's activities was on January 29, 1997. (See Exhibit 2 to Motion). Moya was suspended by the Los Fresnos High School principal, Bertha Zamora on the same day. Child Protective Services was notified. An investigation ensued. Despite denials of sexual contact by the minor Plaintiffs in this case, the district pursued the investigation and Moya resigned on February 27, 1997. There is simply no evidence of any policy or custom on the part of LFCISD which led to the violation of a constitutionally protected right and thus § 1983 liability. There was no deliberate indifference by a policy maker in this case. Without this, the district is not liable for Moya's actions *Doe v. Taylor Independent School District*, 15 F.3d 443, 454 (5th Cir. 1994).

LFCISD argues that Plaintiffs have brought state law claims against it. This judge is unable to find such claims in Plaintiffs' pleadings.

It is recommended that the Defendant Los Fresnos Consolidated Independent School District's Motion for Summary Judgment and Severance be **GRANTED** and the Plaintiffs' claims be **DISMISSED** and the claims against Abel Moya, Jr. against Los Fresnos Consolidated Independent School District be **SEVERED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided

4

that the party has been served with notice that such consequences will result from a failure to object.

*Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 30th day of September 1998.

_____
John Wm. Black
United States Magistrate Judge